UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
EDGAR GOULET,                       )
                                    )
        Plaintiff,                  )
                                    )
            v.                      )   C.A. No. 14-466 S
                                    )
STATE OF RHODE ISLAND,              )
                                    )
        Defendant.                  )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Defendant has filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 3.) Plaintiff opposes Defendant's Motion. (ECF No. 4.) For the reasons discussed below, Defendant's Motion is GRANTED.

I. Background

In 2007, Plaintiff Edgar Goulet was charged with malicious killing of an animal – his dog, Sparky – and possession of a sawed-off shotgun. The case was tried by a jury in Rhode Island Superior Court in May 2008, and Goulet was convicted of both counts. The Rhode Island Supreme Court affirmed the Superior Court's judgment on appeal. See State v. Goulet, 21 A.3d 302, 315 (R.I. 2011). On June 29, 2012, Goulet filed a Complaint for Post-Conviction

Relief in Rhode Island Superior Court, which was still pending as of the filing of Defendant's Motion. (Def.'s Mot. 3, ECF No. 3.)

On October 24, 2014, Plaintiff filed a Complaint in this Court "seek[ing] monetary relief and post conviction relief from the Defendant [State of Rhode Island] in the erroneous conviction and sentencing of the Plaintiff." (Compl. 1, ECF No. 1.) Plaintiff's Complaint makes a number of allegations, the crux of which is that "Attorney Generals and State Prosecutors and other State employees have intentionally attempted to conspire to convict the plaintiff" and "[t]he State of Rhode Island was negligent in controlling the Judicial officers of their State." (Id. at 2.) In the matter before this Court, Plaintiff proceeds pro se.

II. Discussion

"To survive a motion to dismiss, the complaint must allege 'a plausible entitlement to relief.'" Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). In reviewing a motion under Rule 12(b)(6), the Court must "assume the truth of all well-pleaded facts in the complaint, drawing all reasonable inferences in the plaintiffs' favor." Id. A pro se complaint must be "read liberally." Pavilonis v.

2

King, 626 F.2d 1075, 1078 (1st Cir. 1980) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  "[W]hile such litigants are not exempt from procedural rules, [courts] hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

Defendant argues that Plaintiff's Complaint fails to state a claim on which relief may be granted[1] and that his Complaint violates Rules 8 and 10 of the Federal Rules of Civil Procedure.  (See Def.'s Mot. 5-6, ECF No. 3.)  For the reasons that follow, this Court finds that Plaintiff has not stated a claim on which relief may be granted, and therefore need not reach the question of whether his Complaint violates Rules 8 and 10.

---

[1] Defendant advances a number of theories as to why Plaintiff has failed to state a claim: 1) Plaintiff is barred from recovering money damages for a conviction and/or sentence that has been upheld on direct appeal; 2) the doctrine of res judicata bars Plaintiff's claim; 3) the doctrines of judicial and prosecutorial immunity shield Rhode Island Superior Court Judge Nugent and Attorney General Peter Kilmartin from liability; 4) a § 1983 claim cannot be maintained against a state official in his official capacity; 5) the statute of limitations for the instant claim has expired; 6) Plaintiff lacks standing to sue; and 7) Plaintiff's federal habeas petition is premature.  (Def.'s Mot. 5, ECF No. 3.)

Plaintiff's Complaint asserts that this Court has jurisdiction "pursuant to 18 U.S. Code § 1341 - Mail Fraud, 18 USC § 3161 - Failure of Speedy Trial, 18 USC [§] 1503 - Influencing a jury, 18 USC § 3162 - Sanctions, 18 USC § 241 - Conspiracy against rights." (Compl. 1, ECF No. 1.) As Defendant notes, these are criminal offense sections of the United States Code, and thus Goulet, as a private citizen, lacks standing to sue for violation thereof. (Def.'s Mot. 13-14, ECF No. 3.) See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (citing Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964)). However, reading Plaintiff's Complaint liberally, it appears that some of his allegations may fall under 42 U.S.C. § 1983, as he accuses state officials of violations including "abuse of process."[2] (See Compl. 1-2, 7, 9-10, ECF No. 1.)

---

[2] Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

Plaintiff is barred from recovering damages from the State of Rhode Island or any of its employees in their official capacities under Section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-71 (1989); Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action."). Although Plaintiff identifies a number of individuals in his Complaint, the State of Rhode Island is the only named defendant.[3] (Compl. 1-2, ECF No. 1.) Thus, Plaintiff has failed to state a claim for damages under Section 1983.

---

[3] Even if Plaintiff intended to allege claims against the state officials mentioned in his Complaint in their personal capacities, these claims would still be barred. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Plaintiff's Complaint clearly states that his claims stem out of his "erroneous conviction and sentencing." (Compl. 1, ECF No. 1.) Plaintiff's conviction was upheld by the Rhode Island Supreme Court and thus he may not assert any claims under Section 1983 arising out of that conviction.

Plaintiff also seeks "to have his conviction overturned." (Compl. 12, ECF No. 1.) This Court does not have the power to overturn Plaintiff's conviction under Section 1983; "[t]o obtain such relief, the plaintiff's 'sole remedy is to file a Petition for a Writ of Habeas Corpus and fulfill all of the requirements for relief under 28 U.S.C. § 2254, including exhaustion of state court remedies and time limitations.'" Brown v. Duffett, No. 2:15-cv-25-JHR, 2015 WL 4065257, at *2 (D. Me. July 1, 2015) (quoting Thomas v. Reisch, No. 5:14 CV 1372, 2014 WL 6687248, at *2 (N.D. Ohio Nov. 26, 2014)); see also Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) ("In short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [§] 1983.").

Defendants argue that, even if the Court were to construe Plaintiff's Complaint as a habeas petition, Plaintiff has failed to exhaust his state court post-conviction remedies. (Def.'s Mot. 14, ECF No. 3.) Regardless of whether or not Goulet's state post-conviction claim remains pending, his Complaint cannot succeed as a habeas petition because he has failed to allege that he is

6

in the state's custody. See 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person <u>in custody</u> pursuant to the judgment of a State court <u>only on the ground that he is in custody</u> in violation of the Constitution or laws or treaties of the United States." (emphasis added)). Thus, this Court finds that Plaintiff has failed to establish any claim on which relief may be granted.[4]

III. Conclusion

    For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is hereby GRANTED.


IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date:  September 24, 2015

---

[4] Accordingly, the Court need not reach Defendant's arguments regarding judicial immunity, prosecutorial immunity, res judicata, and the statute of limitations.

7